151 So. 637

## In re VIDRINE'S ESTATE.

### No. 32543.

Nov. 27, 1933.

Guillory & Guillory, of Ville Platte, and L. Austin Fontenot, of Opelousas, for appellant First Nat. Bank of Ville Platte.

Dubuisson & Dubuisson, of Opelousas, for appellee administrator.

ST. PAUL, Justice.

Armant Coreil, the administrator of his mother's succession, filed in the court below a final account and tableau of distribution and put himself down in said account for certain amounts which he claims were due to him by the succession.

His claims were not allowed by the court below; whereupon he appealed to this court.

The total amount of the claims disallowed by the lower court was $4,972.89, and the judgment of the lower court was affirmed in all particulars except as to an item of $434.70 which this court allowed and a claim for $265 which has since been abandoned. Succession of Coreil, 177 La. 568, 148 So. 711. And the net result of the judgment of this court was to strike off and disallow $4,538.19 of alleged debts, thereby converting the succession from an insolvent to a solvent estate; whereupon the administrator, declaring "the disallowance by the courts of so many claims against said succession which had been recognized by petitioner in his original account, has converted it from an insolvent to a solvent one, so that there are sufficient funds all creditors, ordinary as well as privileged," recast his account so as to conform absolutely with the judgment of this court, and ruled the First National Bank of Ville Platte, the original and only opponent to the account, to show cause why said account, as recast to conform to the decree of this court, should not be ap-

proved and homologated and the funds distributed in accordance therewith.

Whereupon First National Bank objected to the homologation of the account on four grounds, to wit, (1) that it was a purchaser of the share of one of the heirs, which was not disputed or objected to, and payment was directed accordingly; (2) that the account as recast repeated the items of debt already placed on the first account and approved by the court, which objection is without merit, since it is evident, from a mere casual inspection of the recast account, that said debts are placed thereon merely for convenience of accounting and will not, cannot, be paid twice; (3) that the administrator failed on this recast account (as he had also previously failed to do on his original account) to allow the opponent (objector) 10 per cent. attorney's fees on the amount of his mortgage note as provided for in said note; and (4) that the administrator failed to charge himself on said account with interest at the rate of 20 per cent. per annum on the amount received by him for account of the succession and not deposited in bank in accordance with Rev. Civ. Code, arts. 1150, 1151.

To these last two objections the administrator pleaded res judicata, to wit, the judgment of this court amending the judgment of the lower court and affirming it as amended, which judgment of the lower court authorized and directed the administrator to pay out the money of the succession in accordance with his final account as amended.

The trial judge maintained the plea and approved the account as recast; and the bank appeals.

■■ We think the judgment was correct. The account as first presented carried the claim of the present objector for the amount of the principal of its note and interest, but without attorney's fees, and this amount was not even objected to as incorrect, but in any event was approved as it stood by the judgment of the lower court which, in that respect, was not disturbed on appeal. As to the penalties of 20 per cent, now claimed by the opponent, no mention thereof was ever made until May 6, 1933, which was five days after this court had handed down its decree on appeal, and therefore too late to disturb the account of the administrator as approved by this court. Hence, when an attempt was made to have that question examined into by this court under its supervisory jurisdiction, the writ applied for was refused on the ground that the issues involved had been finally decided, and a rehearing denied on the very day, May 29, 1933, when the writ applied for was refused.

### Decree.

For the reasons assigned, the judgment appealed from is affirmed.